## Polis v. Fratkin

*Charles Polis*, for plaintiff.

*Miller, Adelman & Lavine*, for defendant.

BOYLE, J., June 24, 1958.—This is an appeal by plaintiff from our refusal of his motion for judgment on the pleadings.

Plaintiff is a member of the Philadelphia bar who had engaged defendant to perform certain accounting services. A disagreement arose, at which time plaintiff had in his possession certain work records belonging to defendant and defendant had certain bank statements, check stubs, savings account passbooks and miscellaneous employers' tax returns which belonged to plaintiff.

The pleadings disclose that there was an exchange of correspondence between the parties whereby defendant offered to return the papers in its possession if plaintiff would return the accounting records.

Instead of complying with defendant's request, plaintiff instituted an action in replevin. The complaint sets forth that defendant had been paid in full for its services and demands the return of all his papers and documents. The complaint also avers that plaintiff has been damaged in the sum of $2,500.

Defendant filed an answer setting forth the exchange of correspondence previously referred to in this opinion. The answer denies that defendant was paid in full for its services and avers that there is still a balance due in the sum of $1,337.50. The answer avers that "defendant now asserts a lien until the balance of the fee is paid and until plaintiff returns to defendant the defendant's work papers and records which defendant loaned to plaintiff and which plaintiff promised to return to defendant as set forth in the attached true copies of plaintiff's receipts which are incorporated herein by reference."

In addition to filing the answer defendant instituted an action in replevin to recover from plaintiff the papers and records referred to in the answer. This suit is captioned Fratkin v. Polis, Municipal Court, January term, 1958, no. 2517.

Plaintiff in the instant case filed a motion for judgment on the pleadings because "the defendant does not have a lien which is the sole defense assigned in the answer."

In disposing of plaintiff's motion it is not necessary to decide whether defendant does in fact have a lien. The complaint demands damages in the sum of $2,500. Obviously, the amount of damage suffered by plaintiff, if any, must be determined by a trial. Moreover, if

plaintiff is in fact holding papers and documents belonging to defendant and has willfully refused to return said documents, as charged by defendant's answer and by its separate action in replevin, plaintiff may be estopped from forcing his demand for return of the documents belonging to him unless and until he returns to defendant the papers and records in his possession which belong to defendant. Proper disposition of this controversy requires that the two actions be tried together.

We refused plaintiff's motion for judgment on the pleadings for these reasons.